James K. Lubing, WY No. 5-2284
Leah K. Corrigan, WY No. 6-4492
Nathan D. Rectanus, WY Bar No. 7-5284
LUBING & CORRIGAN, LLC
260 W. Broadway, Suite A
P.O. Box 3894
Jackson, WY 83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile
*Attorneys for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 OCT 23 AM 9 46

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KRISTI KEMP<br><br>Plaintiff,<br><br>vs.<br><br>SUBLETTE COUNTY SEXUAL ASSAULT FAMILY VIOLENCE TASK FORCE, a Wyoming non-profit corporation,<br><br>Defendant. | Civil Action No. 14CV212-S |

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Kristi Kemp, by and through undersigned counsel, and for her causes of action, claims for relief against the above-named Defendant, and jury demand, states and alleges as follows:

### I. PARTIES & JURISDICTION

1. At the time of the events complained of herein, Plaintiff Kristi Kemp was a resident of Sublette County, Wyoming.

2. Plaintiff is now a resident of the state of North Dakota.

3. Upon information and belief, Defendant Sublette County Sexual Assault

Family Violence Task Force (hereinafter "SAFV") is, and at all times material hereto was, a non-profit corporation, doing business in Wyoming and organized and existing under the laws of Wyoming with its principal place of business in Pinedale, Wyoming.

4. Upon information and belief, Defendant SAFV is, and at all times material hereto was, a Wyoming governmental entity, doing business in Wyoming and organized and existing under the laws of Wyoming with its principal place of business in Pinedale, Wyoming.

## II. COMPLIANCE WITH THE WYOMING GOVERNMENTAL CLAIMS ACT

5. A Governmental Notice of Claim, attached hereto as Exhibit A, was properly executed by the Claimant (Plaintiff herein) pursuant to Wyo. Stat. § 1-39-113(e) on October 13, 2014, filed and presented to Defendant SAFV on October 21, 2014 at its business office, and filed and presented to the Clerk of Sublette County on October 21, 2014 at its business office, in accordance with the Wyoming Governmental Claims Act, Wyo. Stat. § 1-39-113(c). (*See* Affidavits of Service, Exhibit A). The Governmental Notice of Claim presented to Defendant SAFV and to the Clerk of Sublette County was signed by the Plaintiff and verified by the Plaintiff under the penalty of perjury, as required by the Wyoming Constitution, Article 16 § 7. Said Notice of Claim's execution and presentation brought the claim under the purview of the Wyoming Governmental Claims Act, and made the same constitutional. The constitutional signature and certification

requirements were met.

### III. JURISDICTION AND VENUE

6. Plaintiff incorporates by reference paragraphs 1-5 herein.

7. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest. This Court has both personal and subject matter jurisdiction.

8. Pursuant to 28 U.S.C. § 1391, the proper venue for this cause of action is the United States District Court for the District of Wyoming since the claim arose in this judicial district and because the injuries, acts and omissions complained of occurred within the District of Wyoming.

9. This Court has subject matter jurisdiction over this action pursuant to Wyo. Stat. § 1-39-117.

10. This Court has personal jurisdiction over Defendants pursuant to Wyo. Stat. § 5-1-107.

11. Venue is proper in this Court pursuant to Wyo. Stat. § 1-39-117 and Wyo. Stat. § 1-5-109.

12. Plaintiff has complied with the pre-litigation procedure required by the "Wyoming Governmental Claims Act" as set forth in Wyo. Stat. § 1-39-101, *et seq.*

### IV. FACTS COMMON TO ALL CLAIMS

13. Plaintiff incorporates by reference paragraphs 1-12 herein.

14. On or about October 23 and 24, 2012, Plaintiff Kristi Kemp and her minor daughter were staying at the Sublette County Sexual Assault Family Violence safe house (hereinafter "Safe House"), located in Pinedale, Wyoming.

15. Plaintiff had been staying at the Safe House for approximately one and a half months.

16. Plaintiff was staying at the Safe House for her and her daughter's safety after Plaintiff had endured physical and psychological abuse from a former partner.

17. Some time between the late hours of October 23 and the early hours of October 24, 2012, an unidentified intruder entered the Safe House and brutally assaulted Plaintiff.

18. The intruder fled the Safe House and Plaintiff was left for dead.

19. Plaintiff's daughter witnessed the incident.

20. Plaintiff sustained severe bodily injuries from the assault, including multiple skull fractures.

21. Plaintiff suffered severe emotional and mental damages from the assault.

22. Paramedics arrived at the Safe House in the early afternoon on October 24, 2012.

23. Plaintiff was treated by the paramedics, but ultimately airlifted to Eastern Idaho Regional Medical Center due to the severity of her injuries.

24. The Safe House is run by the Sublette County Sexual Assault Family

Violence Task Force ("Task Force").

25. The Task Force was designed to protect, assist, and support the victims of domestic violence, sexual assault, and stalking.

26. The Safe House was designed to provide safe, secure housing for victims of abuse.

27. The Safe House was equipped with an alarm system.

28. Upon information and belief, the alarm system was functional but deactivated, due to concerns that Plaintiff's minor child would trigger the alarm.

29. The doors leading into and out of the Safe House were equipped with locks with key codes to prevent intruders.

30. Upon information and belief, at least one of the doors was extremely difficult to latch.

31. Unless latched, the key code locking mechanism provided no protection from people wishing to unlawfully and maliciously enter the Safe House.

32. Employees at the Safe House, including the director Robin Clover, knew about the door and the alarm system prior to the assault.

33. Director Robin Clover informed Plaintiff prior to the assault that even though Plaintiff's abuser was incarcerated, there was still a significant risk to Plaintiff's safety.

## V. COUNT ONE - NEGLIGENCE

34. Plaintiff incorporates by reference paragraphs 1-33 herein.

35. Defendant SAFV voluntarily undertook to render services to Plaintiff necessary for her protection.

36. Defendant SAFV, by and through its employees and volunteers, had a duty to exercise reasonable care to protect the Plaintiff.

37. Plaintiff relied on Defendant to protect her from a foreseeable risk.

38. Defendant breached its duty of care by failing to fix a door with a known defect.

39. Defendant further breached its duty of care by deactivating an alarm system designed specifically to prevent intruders from entering the Safe House, and to prevent the precise sort of harm that occurred to Plaintiff.

40. Defendant knew that Plaintiff was at risk, and it was foreseeable that Plaintiff would be targeted.

41. Defendant's breach allowed the intrusion to occur, causing significant, permanent injuries and damages to the Plaintiff.

42. Plaintiff has suffered extensive bodily harm, including severe emotional distress, as a result.

## IV. DAMAGES

43. The actions of Defendants have caused Plaintiff to suffer significant physical and emotional damages in excess of the jurisdictional minimum of this Court, which will be further proven at the time of trial.

## V. JURY DEMAND

44. Pursuant to Fed. R. Civ. P. 38(c), Plaintiffs demand their right to trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for all legally recoverable general and special damages as provided by law, including, without limitation, damage for physical injury and emotional distress, as well as pre-judgment and post-judgment interest, attorney's fees and costs, and such other and further relief as the Court deems just and equitable

DATED this _22_ day of _October_ 2014.

_____
James K. Lubing WY Bar No. 5-2284
Leah K. Corrigan, WY No. 6-4492
Nathan D. Rectanus, WY Bar No. 7-5284
LUBING & CORRIGAN, LLC
*Attorneys for Plaintiff*
PO Box 3894
Jackson, WY 83001
(307) 733-7242 – Telephone
(307) 733-7471 – Facsimile

# Exhibit A

**LUBING &
CORRIGAN,** LLC

*Attorneys at Law*

James K. Lubing
*Admitted in WY, ID & MT*
Leah K. Corrigan
*Admitted in WY, MT, & CO*

Laurie J. Stern
*Admitted in WY & CO*
Nathan D. Rectanus
*Admitted in WY & VT*

October 13, 2014

Sublette County SAFV Task Force
253 N. Sublette
P.O. Box 1236
Pinedale, WY 82941

## PRESENTATION OF CLAIM

Claimant, Kristi Kemp, states and presents the following claim in accordance with Wyoming Statute 1-39-101 *et seq.* and Wyoming Constitution Article 16 § 7:

1. <u>The name, address, and residence of claimant (W.S. § 1-39-113(b)(ii))</u>.

    Kristi Kemp
    Resident of the State of North Dakota
    2854 18th St. South
    Apt. D
    Fargo, ND 58103

2. <u>The name and address of claimant's attorney (W.S. § 1-39-113(b)(ii))</u>:

    James K. Lubing, Esq.
    Leah K. Corrigan, Esq.
    Lubing & Corrigan, LLC.
    260 W. Broadway, Ste. A
    P.O. Box 3894
    Jackson, WY 83001
    (307) 733-7242 - Telephone

3. <u>Time, place and circumstances of loss (W.S. § 1-39-113(b)(i))</u>:

On the evening, night and morning of October 23 and 24, 2012, Claimant Kristi Kemp and her minor child were staying at the Sublette County Sexual Assault Family

Violence safe house in Pinedale, Wyoming. Late that night, an intruder broke into the safe house and brutally assaulted Ms. Kemp in front of her daughter. Ms. Kemp was found the following morning by a safe house employee with extensive injuries. Ms. Kemp was treated initially in Pinedale, but was soon airlifted to Idaho Falls due to the severity of her injuries.

The safe house purports to be a safe, secure shelter for people such as Ms. Kemp, and was specifically designed to prevent attacks like the one against Ms. Kemp from occurring. The safe house and its employees failed to protect Ms. Kemp, and as a result, Ms. Kemp sustained permanent physical and psychological injuries.

Upon information and belief, public employee Robin Clover, executive director of the SAFV Taskforce, was involved in this incident.

4. <u>Itemized statement of claimant's damages and amount of compensation demanded (W.S. § 1-39-113(a), (b)(3))</u>:

Claimant's damages are itemized as follows:

- Estimated past and future medical bills in excess of $100,000.00

- Estimated pain and suffering: $1,000,000.00

- Estimated loss of enjoyment of life: $1,000,000.00

- Estimated loss of income: $1,000,000.00

**TOTAL COMPENSATION DEMANDED:** $3,100,000.00

I, **Kristi Kemp**, have read and understand the provisions of the false swearing statute. I hereby certify under penalty of false swearing that the foregoing claim, including all of its attachments, if any, is true and accurate.

_____          __10/15/14__
Signature of Claimant                                      Date

__Kristi Kemp_____
Printed Name of Claimant

---

## NOTARY PUBLIC

STATE OF NORTH DAKOTA      )
                                                      )SS.
COUNTY OF __Cass_____ )

13th SUBSCRIBED, SWORN, and ACKNOWLEDGED before me by **Kristi Kemp** this 13th day of __Oct_____, 2014.

[SEAL]

_____
Notary Public
Residing at: __Gate City Bank Fargo, ND__
My commission expires:_____

LEWIS PAHL
Notary Public
State of North Dakota
My Commission Expires Dec. 4, 2019

---

260 W. Broadway, Ste. A, P.O. Box 3894, Jackson, WY 83001.   T. 307. 733.7242, F. 307.733.7471

## AFFIDAVIT OF SERVICE

I, Paul Rock, hereby certify that on October __21__, 2014, I hand-delivered the attached Notice of Claim, dated October 13, 2014 and addressed:

> Sublette County SAFV Task Force
> 253 N. Sublette
> P.O. Box 1236
> Pinedale, WY 82941

to __MANDY MOFFAT__, at the business office of the Sublette County SAFV Task Force, 253 N. Sublette, P.O. Box 1236, Pinedale, WY 82941.

_____         __10/21/2014__
Paul Rock                                          Date

### NOTARY PUBLIC

STATE OF WYOMING        )
                                                 ) SS.
COUNTY OF __SUBLETTE__ )

SUBSCRIBED, SWORN, and ACKNOWLEDGED before me by **Paul Rock** this __21st__ day of __OCTOBER__, 2014.

[SEAL]

LYDDA J. JAMES- NOTARY PUBLIC
COUNTY OF TETON    STATE OF WYOMING
MY COMMISSION EXPIRES JULY 12, 2017

_____
Notary Public
Residing At: __Wyoming__
My commission expires: __7-12-17__

## AFFIDAVIT OF SERVICE

I, Paul Rock, hereby certify that on October 21, 2014, I hand-delivered the attached Notice of Claim, dated October 13, 2014 and addressed:

> Sublette County SAFV Task Force
> 253 N. Sublette
> P.O. Box 1236
> Pinedale, WY 82941

to  Mandy Bar Moffat Tracey Hoover  , at the office of the Sublette County Clerk, 21 S. Tyler, P.O. Box 250, Pinedale, WY 82941.

_____     10/21/2014
Paul Rock                           Date

### NOTARY PUBLIC

STATE OF WYOMING    )
                    ) SS.
COUNTY OF  SUBLETTE )

21ST SUBSCRIBED, SWORN, and ACKNOWLEDGED before me by **Paul Rock** this 21ST day of OCTOBER, 2014.

[SEAL]
LYDDA J. JAMES - NOTARY PUBLIC
COUNTY OF TETON  STATE OF WYOMING
MY COMMISSION EXPIRES JULY 12, 2017

Lydda J. James
Notary Public
Residing At: WYOMING
My commission expires: 7-12-17